UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN LEON FIGUEROA et al,<br><br>      Plaintiff,<br> v.<br><br>CAMILLA WAMSLEY et al,<br><br>      Defendant. | CASE NO. 2:25-cv-02228<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER, GRANTING IN PART TEMPORARY RELIEF PENDING RESPONSE TO MOTION FOR TRO, AND DEFERRING REQUEST FOR ORDER TO SHOW CAUSE |

  This matter comes before the Court on Petitioners Juan Leon Figueroa, Salvador Gudino Herrera, Adolfo Carrillo Ahilon, and Baltazar Lopez Mendez's ex parte Motion for Order to Show Cause, Dkt. No. 2, and ex parte Motion for Temporary Restraining Order, Dkt. No. 3. Petitioners filed these motions after filing a Petition for Writ of Habeas Corpus. Dkt. No. 1.

  Petitioners assert that they are members of the certified class in *Rodriguez Vazquez v. Bostock*, No. 3:25-cv-05240-TMC (W.D. Wash. filed Mar. 20, 2025), detained at the Northwest Immigration and Customs Enforcement Processing Center (NWIPC). Dkt. No. 1 at 1–5.

In their Motion for Order to Show Cause, Petitioners seek (1) an order to show cause under 28 U.S.C. § 2243 requiring Respondents to explain, within three days, why each Petitioner is not a member of the Bond Denial Class"; (2) immediate release as to the Petitioners with alternative bond orders; and (3) bond hearings for the Petitioners who have not yet received a full custody redetermination hearing. Dkt. No. 2 at 1, 3–6.

In the Motion for Temporary Restraining Order, Petitioners seek an order prohibiting their transfer outside this district. Dkt. No. 3. According to that Motion, "[a]t approximately 4:30 pm today, counsel for Petitioners in this case learned that at least [Juan Leon Figueroa and Baltazar Lopez Mendez] had their accounts at NWIPC zeroed out," which counsel describes as "an unmistakable signal that transfer to another detention facility outside this district is about to occur." *Id.* at 1–2; *see also* Dkt. No. 5. The Motion argues that "[t]ransfer now would cause immediate, irreparable harm" because "Respondents may argue removal from this district severs class membership" and removal would "deprive Petitioners of their counsel, both in their bond and merits proceedings before the immigration court." Dkt. No. 3 at 1; *see also id.* at 7–8. While Petitioners Salvador Gudio Herrera and Adolfo Carrillo Ahilon fear they may also face imminent transfer, there is not sufficient evidence to the requested emergency relief at this time as to those Petitioners. *See id.* at 3 ("The fact that Petitioners will imminently transfer at least two—and perhaps all—of the Petitioners in this case is also supported by recent events.")

Petitioners have not yet served or provided notice of the petition or motions to Respondents, and the petition and motions for TRO were filed around 10:00 p.m. on Friday, November 7, 2025. Respondents have not entered an appearance or responded to Petitioners' motions.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue

injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). That power includes the power to direct the Government not to remove a habeas petitioner from the district without further order. *See, e.g.*, *Lahamendu v. Bondi*, No. 2:25-cv-02155-DGE, Dkt. No. 3 (W.D. Wash. Oct. 31, 2025); *see also Lahamendu v. Bondi*, No. 2:25-CV-02155-LK-SKV, 2025 WL 3066437, at *6 (W.D. Wash. Nov. 3, 2025) (a court "has the inherent authority and responsibility to protect the integrity of its proceedings which [are] undoubtedly impacted when a habeas petitioner is transferred to a detention facility outside of the district") (citation modified).

Accordingly, the Court orders as follows:

1. The motion for temporary restraining order, Dkt. No. 3, is provisionally GRANTED IN PART pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from transferring Juan Leon Figueroa and Baltazar Lopez Mendez from this jurisdiction—i.e., the Western District of Washington—without further order, unless necessary for medical evaluation, medical treatment, or release.

3. To allow Salvador Gudino Herrera and Adolfo Carrillo Ahilon time to move for emergency relief in the event they are to be transferred before the Court reviews their petition, the Court ORDERS that Respondents must provide Salvador Gudino Herrera and Adolfo Carrillo Ahilon and their counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer them from the Northwest Immigration and Customs Enforcement Processing Center.

4. Petitioners' counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the Government will agree to a stipulated order to not transfer Petitioners to another facility during the pendency of this action.

5. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO pursuant to the schedule set by Local Civil Rule 65 once notice is accomplished.

6. The Parties SHALL contact the courtroom deputy of the assigned judge if they wish to schedule oral argument on the motion for TRO.

7. The Court defers ruling on the Motion for an Order to Show Cause; once this case is assigned to a judge, the assigned judge will address that request.

Dated this 7th day of November, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER DIRECTING PARTIES TO MEET AND CONFER, GRANTING IN PART TEMPORARY RELIEF PENDING RESPONSE TO MOTION FOR TRO, AND DEFERRING REQUEST FOR ORDER TO SHOW CAUSE - 4