1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

| | |
|---|---|
| JUAN LEON FIGUEROA, et al., | Case No. 2:25-cv-02228-TMC |
| Petitioners, | ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| CAMMILLA WAMSLEY, et al., | |
| Respondents. | |

14

## I.    ORDER

15    On November 7, 2025, Petitioners Juan Leon Figueroa, Salvador Gudiño Herrera, Adolfo

16  Carrillo Ahilon, and Baltazar Lopez Mendez filed a petition for writ of habeas corpus, alleging

17  that Respondents violated the Immigration and Nationality Act by subjecting them to mandatory

18  detention at the Northwest Immigration and Customs Enforcement Processing Center

19  ("NWIPC") under 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶¶ 29–33. The same day, they filed an *ex parte*

20  motion for a temporary restraining order ("TRO") prohibiting Respondents from transferring

21  them out of the Western District of Washington during the pendency of these habeas

22  proceedings. Dkt. 3. The after-hours District Judge issued an order provisionally granting the

23  TRO in part pending Respondents' response to the motion, requiring Petitioners' counsel to

24  serve Respondents' counsel with a copy of the order, and directing the parties to confer regarding

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

1    a briefing schedule. Dkt. 14. On November 10, the case was transferred to the undersigned

2    District Judge. The Court has not received any proposed briefing schedule from the parties, and

3    Respondents have not filed a response to the motion. *See* Local Rules W.D. Wash. LCR 65(b)(5)

4    (requiring an adverse party to file any response to a TRO motion "within forty-eight hours after

5    the motion is served"). For the following reasons, the Court GRANTS the motion for a TRO.

6          A federal district court "may issue all writs necessary or appropriate in aid of [its] . . .

7    jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A court

8    "has the inherent authority and responsibility to protect the integrity of its proceedings which

9    [are] undoubtedly impacted" when a habeas petitioner is transferred to a detention facility

10   outside of the district. *Ozturk v. Trump*, 779 F. Supp. 3d 462, 496 (D. Vt. 2025), *amended sub*

11   *nom. Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025). Under this authority, a court may order

12   injunctive relief prohibiting the government from transferring a petitioner out of the district

13   while habeas corpus proceedings are ongoing. *See Oliveros v. Kaiser*, No. 25-CV-07117-BLF,

14   2025 WL 2677125, at *8–9 (N.D. Cal. Sept. 18, 2025).

15         Moreover, a party seeking a TRO "must establish that [they are] likely to succeed on the

16   merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that

17   the balance of equities tips in [their] favor, and that an injunction is in the public interest."

18   *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474

19   F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the

20   standard for issuing a preliminary injunction."). When a party seeks a TRO against the

21   government, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073,

22   1092 (9th Cir. 2014).

23         The Court finds that Petitioners have met the standard to obtain a TRO. First, Petitioners

24   are likely to succeed on the merits: their habeas petition presents the same legal question that this

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

1   Court considered in *Rodriguez Vazquez v. Bostock*, in which the Court declared that the Tacoma

2   Immigration Court's practice of denying bond to certain detainees on the basis of 8 U.S.C.

3   § 1225(b) was unlawful. --- F. Supp. 3d ---, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *27

4   (W.D. Wash. Sept. 30, 2025). The fact that Lopez Mendez has not yet requested a bond hearing

5   is unlikely to defeat his claim for habeas relief. *See Marcial Navarette v. Wamsley*, No. 2:25-cv-

6   02150-TMC, Dkt. 11 at 3 (W.D. Wash. Nov. 10, 2025).

7   Second, Petitioners have demonstrated a likelihood of irreparable harm from a transfer,

8   which would impede their communications with counsel. Dkt. 3 at 7–8; *see L.A.E. v. Wamsley*,

9   No. 3:25-CV-01975-AN, 2025 WL 3037856, at *5 (D. Or. Oct. 30, 2025) ("Given the

10  labyrinthine nature of immigration law and the harms of an erroneous deportation, abridging

11  access to legal representation in the context of removal proceedings is a particularly concrete and

12  irreparable harm."); *Arroyo v. U.S. Dep't of Homeland Sec.*, No. SACV19815JGBSHKX, 2019

13  WL 2912848, at *22 (C.D. Cal. June 20, 2019) (concluding that transferring detainees to new

14  immigration facilities would cause irreparable harm by burdening detainees' ability to interact

15  with retained counsel).

16  Counsel for Leon Figueroa and Lopez Mendez in their underlying removal proceedings

17  submitted a declaration stating that "their commissary balances had been reduced to $0.00,"

18  which he describes as "a common indicator" that a detainee is facing imminent transfer to

19  another facility. Dkt. 5 ¶ 3. He further asserts that he is unable to represent clients who are

20  detained outside of Washington. *Id.* ¶ 6. For Lopez Mendez and Carrillo Ahilon, detention

21  outside of the district could negatively affect his ability to prepare for a bond hearing. *See* Dkt. 1

22  (requesting that the court issue a writ of habeas corpus requiring Respondents to provide Lopez

23  Mendez and Carrillo Ahilon with bond hearings). And all four Petitioners have submitted

24  evidence suggesting a troubling pattern of attempts to transfer *Rodriguez Vazquez* class members

1   before they can seek or obtain individual habeas relief—the only current method to enforce the

2   Court's declaratory judgment. *See* Dkt. 8–11. Respondents have not countered this evidence.

3       Finally, the balance of the equities weighs in Petitioners' favor. Ensuring that Petitioners

4   retain access to counsel will facilitate the speedy resolution of the habeas proceedings. *See*

5   *Oliveros*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8–9 ("Here, the Court finds that

6   equities strongly favor Petitioner remaining in this District pending the resolution of this matter

7   because this will expedite resolution of this matter, provide Petitioner ready access to medical

8   and legal services, and address concerns about the conditions of her detention."). Keeping

9   Petitioners at NWIPC also would be consistent with the Immigration and Customs Enforcement

10  ("ICE") Detainee Transfers Directive No. 11022.1, which states that "[u]nless a transfer is

11  deemed necessary by a [Field Office Director] or his or her designee," ICE "will not transfer a

12  detainee when there is documentation to support," among other things, "[i]mmediate family

13  within the [Area of Responsibility]" or "[a]n attorney of record . . . within the [Area of

14  Responsibility]." *Arroyo*, No. SACV-19815-JGBSHKX, 2019 WL 2912848, at *3.

15      Accordingly, the Court orders as follows:

16  1.  Petitioners' motion for a temporary restraining order (Dkt. 3) is GRANTED.

17  2.  Respondents, including their officers, agents, servants, employees, attorneys, or

18      others acting on their behalf, are PROHIBITED from transferring Petitioners from the

19      Northwest Immigration and Customs Enforcement Processing Center to any other

20      facility during the pendency of these proceedings unless they seek modification of

21      this Order or they obtain a final, executable order of removal.

22  3.  This Order expires November 27, 2025, unless extended by this Court. The Court

23      anticipates that it can rule on the underlying habeas petition within that time. Should

24

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

an extension be necessary, the Court will set a hearing and briefing schedule for

whether to convert the TRO into a preliminary injunction.

4.  Respondents have not requested a bond and the Court waives the bond requirement

under Federal Rule of Civil Procedure 65(c).

Dated this 13th day of November, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 5