UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN LEON FIGUEROA, et al., | Case No. 2:25-cv-02228-TMC |
| Petitioners, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| LAURA HERMOSILLO, et al.,[1] | |
| Respondents. | |

## I.    INTRODUCTION

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in 2025, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–14. Petitioners Juan Leon Figueroa and Salvador Gudiño Herrera each requested a bond hearing before an Immigration Judge ("IJ"), and both were denied on the basis that they were subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 4-3 at 2; Dkt. 4-6 at 2.

---

[1] Laura Hermosillo, Seattle Acting Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, is substituted for Cammilla Wamsley under Federal Rule of Civil Procedure 25(d). The clerk is directed to amend the caption to reflect this change.

Leon Figueroa received bond in the alternative in the amount of $8,000, and Gudiño Herrera received bond in the alternative in the amount of $10,000. Dkt. 4-3 at 2; Dkt. 4-6 at 2. Petitioner Adolfo Carrillo Ahilon has requested a bond hearing, and his motion is pending acceptance in the Immigration Court's online filing system. Dkt. 7 ¶ 4. There is no indication that Petitioner Baltazar Lopez Mendez has requested a bond hearing. *See* Dkt. 1 ¶¶ 13–14; Dkt. 20 at 4.

On November 7, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 1–3, 29–33. Leon Figueroa and Gudiño Herrera request immediate release from custody or, in the alternative, release upon payment of their alternative bond amounts and any conditions set by the government. *Id.* at 7. Carrillo Ahilon and Lopez Mendez request an order requiring Respondents to provide them with bond hearings within seven days. *Id.*

Also on November 7, Petitioners filed an *ex parte* motion for order to show cause and an *ex parte* motion for a temporary restraining order ("TRO") prohibiting Respondents from transferring them out of the Western District of Washington during the pendency of these habeas proceedings. Dkt. 2; Dkt. 3. The after-hours District Judge issued an order provisionally granting the TRO in part pending Respondents' response to the motion, requiring Petitioners' counsel to serve Respondents' counsel with a copy of the order, and directing the parties to confer regarding a briefing schedule. Dkt. 14. On November 10, the case was transferred to the undersigned District Judge. Respondents did not respond to the TRO motion. *See* Dkt. 18 at 2. On November 13, the Court granted the TRO motion and then issued a separate order directing Respondents to file a return and setting an expedited briefing schedule. Dkt. 18; Dkt. 19. On November 18, Respondents filed a return. Dkt. 20. Petitioners filed a traverse the next day. Dkt. 21. The habeas

petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS

the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their

respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the

preponderance of the evidence that they are "in custody in violation of the Constitution or laws

or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004);

28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    Petitioners are entitled to habeas relief because their mandatory detention violates the INA.

On September 30, 2025, this Court granted summary judgment to members of a certified

Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing
> Center who (1) have entered or will enter the United States without inspection, (2)
> are not apprehended upon arrival, (3) are not or will not be subject to detention
> under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is
> scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL

2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under
> 8 U.S.C. § 1226(a) and are not subject to mandatory detention under
> 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration
> Court's practice of denying bond to Bond Denial Class members on the basis of
> § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because

they are members of the Bond Denial Class. Dkt. 1 ¶¶ 29–33. While Respondents express their

1    continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that

2    Leon Figueroa and Gudiño Herrera are members of the Bond Denial Class for purposes of this

3    matter. Dkt. 20 at 3. However, they argue that Carrillo Ahilon and Lopez Mendez are not

4    members of the Bond Denial Class because the Department of Homeland Security does not have

5    information to indicate that those Petitioners have requested bond hearings. *Id.* at 4.

6        For the same reasons that this Court granted Bond Denial Class members declaratory

7    relief, the Court finds that Petitioners are detained under § 1226(a) and not subject to mandatory

8    detention under § 1225(b)(2). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-

9    TMC, 2025 WL 2782499, at *27. Petitioners have thus shown they are "in custody in violation

10   of the" INA. *See* 28 U.S.C. § 2241(c)(3).

11       Moreover, while Carrillo Ahilon has submitted a declaration of counsel stating that he

12   requested a bond hearing, the fact that Respondents have not received hearing requests from

13   either Carrillo Ahilon or Lopez Mendez does not preclude habeas relief for those Petitioners.

14   Although the portion of the class definition that excludes detainees subject to detention under

15   other parts of the INA references "the time the noncitizen is scheduled for or requests a bond

16   hearing," whether a detainee has requested a bond hearing does not change the legality of their

17   custody under § 1225(b)(2). The statutory analysis of *Rodriguez Vazquez* applies with equal

18   force to these Petitioners and others like them, whether they have yet requested hearings or not.

19       Where, as here, an individual "is in custody in violation of the . . . laws . . . of the United

20   States," the Court is empowered to grant the petitioner's writ of habeas corpus. *See* 28 U.S.C.

21   § 2241(a). Respondents concede "that if and when Petitioners Carrillo Ahilon and Lopez Mendez

22   properly request a bond hearing, they will become members of the class." Dkt. 20 at 4. Carrillo

23   Ahilon and Lopez Mendez need not go through a futile exercise of requesting a bond hearing

24   while still subject to unlawful mandatory detention in order to seek habeas relief. *See Carafas v.*

*LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require" (quoting 28 U.S.C. § 2243)).

      **B.    The Court declines to order the unconditional release of Petitioners Juan Leon Figueroa and Salvador Gudiño Herrera.**

      Petitioners argue that the Court should order the immediate, unconditional release of Leon Figueroa and Gudiño Herrera because Respondents have failed to comply with the declaratory judgment in *Rodriguez Vazquez*. Dkt. 1 ¶ 16; Dkt. 2 at 3–6. The Court declines to do so.

      "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

      The Court concludes that Petitioners' request for unconditional release is premature. The *Rodriguez Vazquez* declaratory judgment is not a prior habeas order with which Respondents have failed to comply. Section 1226 requires only consideration of release on bond, and conditional release that allows compliance by honoring the alternative bond amounts set by the IJs would correct Respondents' ongoing violation of the INA as to these Petitioners. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Petitioners may seek further relief from the Court at that time.

1

## IV.    CONCLUSION

2

For the reasons explained above, the Court ORDERS as follows:

3

      1.     The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

4

      2.     Within ONE day of this Order, Respondents must do the following:

5

          a.    Either release Petitioner Juan Leon Figueroa or allow his release upon payment of the alternative bond amount of $8,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

6

7

          b.    Either release Petitioner Salvador Gudiño Herrera or allow his release upon payment of the alternative bond amount of $10,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

8

9

      3.     Within fourteen days of receiving Petitioner Adolfo Carrillo Ahilon's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. §1226(a).

10

11

      4.     Within fourteen days of receiving Petitioner Baltazar Lopez Mendez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. §1226(a).

12

13

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

14

15

16

Dated this 19th day of November, 2025.

17

18

Tiffany M. Cartwright
United States District Judge

19

20

21

22

23

24

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6